UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C.,[1] <br> Plaintiff, <br> v. <br> ANDREW SAUL, Commissioner of Social Security, <br> Defendant. | Case No. SACV 19-02077-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

On October 31, 2019, Plaintiff James C. ("Plaintiff"), represented by counsel, filed a Complaint in this Court challenging the Commissioner's decision to deny his application for disability benefits. Dkt. No. 1. On November 19, 2019, the Court issued an order regarding procedures in this action ("Order"). Dkt. No. 14. The Order required Plaintiff to file a proof of service within thirty days of the date of the Order. *Id.* Because Plaintiff failed to timely file a proof of service, the Court issued an Order to Show Cause ("OSC") on January 17, 2020 ordering Plaintiff to show

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

cause as to why the action should not be dismissed for failure to prosecute. Dkt. No. 15.

On January 24, 2020, Plaintiff timely responded to the Court's OSC and stated that the Commissioner had been served on December 27, 2019. Dkt. No. 16. Plaintiff explained that he was "awaiting certified confirmation of service from all defendants," and requested an additional thirty days to file a proof of service. *Id.* Having found good cause to grant Plaintiff's request, the Court ordered Plaintiff to file a proof of service on or before February 26, 2020. Dkt. No. 18. However, the Court expressly warned Plaintiff, that failure to timely file a proof of service would result in a recommendation that the action be dismissed.[2] *Id.* To date, Plaintiff has not filed a proof of service.

Given the foregoing, and for the reasons below, the Court dismisses the complaint with prejudice for failure to prosecute and to follow court orders.

**II.** **DISCUSSION**

Federal Rule of Civil Procedure 41(b) grants district courts *sua sponte* authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." *Ferdik*, 963 F.2d at 1260 (internal quotation marks omitted) (alterations in original).

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

---

[2] Subsequently, both parties consented to proceeding before a magistrate judge pursuant to 28 U.S.C. § 636(c). *See* Dkt. Nos. 19, 20.

2

(3) the risk of prejudice to defendants/respondents;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first factor (the public's interest in expeditious resolution of litigation) and second factor (the Court's need to manage its docket) strongly favor dismissal. The Court attempted to avoid this outcome by providing Plaintiff additional time to file a proof of service. *See* Dkt. No. 18. Plaintiff's proof of service was initially due on December 19, 2019. Dkt. No. 14. However, despite being granted additional time and advised of the consequence for not complying with the Court's order by failing to file a proof of service, Plaintiff has still not filed a proof of service. Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations marks omitted). This inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket.

The third factor (the risk of prejudice) requires a showing that the Plaintiff's actions impaired the Commissioner's ability to proceed with litigation or threatened to interfere with the rightful decision of the case. *See Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir. 1984). However, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely" act. *Yourish*, 191 F.3d at 991. The better the reason, the less likely it is that the third factor will favor dismissal. *See id.* (finding that the plaintiff's "paltry excuse for his default on the judge's order indicate[d] that there was sufficient prejudice to Defendants from the delay that [the third] factor also strongly favor[ed] dismissal"). The Ninth Circuit has stated that

1    "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even
2    in the absence of a showing of actual prejudice to the defendant from the failure."
3    *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31
4    F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*). However, while prejudice
5    is presumed for a failure to prosecute, the presumption may be rebutted, and a court
6    should consider whether there has been a showing that no actual prejudice has
7    occurred. *Anderson*, 542 F.2d at 524.

Here, Plaintiff's failure to comply with the Court's Order and file a proof of service indicates a loss of interest in the matter. The Commissioner's ability to defend against the instant action is hampered by Plaintiff's apparent failure to participate, and the Commissioner should not be forced to litigate this action if Plaintiff is not actively pursuing the matter. The Court therefore finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) strongly supports dismissal. As noted above, the Court attempted to avoid dismissal by reminding Plaintiff of the need to file a proof of service and allowing Plaintiff the opportunity to file a proof of service. Dkt. Nos. 15, 18. Despite the Court's warning that failure to file a timely proof of service would result in dismissal of his case, Plaintiff has failed to comply with the Court's orders. The Court deems it imprudent to wait any longer for Plaintiff to exhibit an interest in prosecuting this action with the requisite amount of diligence. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (a district court "need not exhaust every sanction short of dismissal before . . . dismissing a case").

The fifth factor (the public policy favoring disposition on the merits) weighs against dismissal, as it almost inevitably will when an action is dismissed without reaching the merits. *Pagtalunan*, 291 F.3d at 643.

///

///

4

In sum, four out of the five factors support dismissal. *See Yourish*, 191 F.3d at 990 (dismissal is appropriate where three of the five factors strongly support dismissal).

A dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits unless one of three exceptions applies: if the court lacks jurisdiction, venue is improper, or joinder of a required party has not occurred. Here, the Court is dismissing for failure to prosecute and to obey court orders, and thus none of Rule 41(b)'s exceptions applies. Accordingly, dismissal will be with prejudice to refiling of a new action in federal court based on the same allegations. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal under Rule 41(b) is an adjudication on the merits unless one of the rule's exceptions applies).

## III. CONCLUSION

It is ORDERED that Judgment shall be entered dismissing the Complaint with prejudice for failure to prosecute and to comply with Court orders.

DATED: February 28, 2020

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

5